1
2
3
4
5
6
7
8
9
10
11
12
13
14

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jeremy Dean Garcia,

           Petitioner,

vs.

Charles L. Ryan, et al.,

           Respondents.

)
)
)
)
)
)
)
)
)
)
)

No. CV-12-1310-PHX-SRB (BSB)

**REPORT AND RECOMMENDATION**

15       Petitioner Jeremy Dean Garcia has filed a timely Petition for Writ of Habeas Corpus

16 raising six grounds for relief.  (Doc. 1.)  Respondents filed a Limited Answer asserting that

17 Petitioner's claims are procedurally defaulted and barred from federal habeas corpus review or

18 are not cognizable on habeas corpus review.[1]  (Doc. 13.)  Petitioner has filed a reply arguing

19 "cause" to excuse his procedural default.  (Doc. 17.)  For the reasons below, the Petition should

20 be denied.

21 **I.    Factual and Procedural Background**

22       On June 28, 2007, Petitioner was charged in a twenty-six count indictment with various

23 counts of sexual abuse, attempted child molestation, child molestation, and sexual conduct with

24 a minor.  (Respondents' Ex. A at 4; Ex. H at 1.)[2]  The indictment alleged that between

25

26       [1] In accordance with the Court's September 19, 2012 Order, Respondents filed an answer limited to affirmative defenses.  (Doc. 9.)

27

28       [2] Citations to "Respondents' Ex." refer to exhibits supporting Respondents' Limited Answer to Petition for Writ of Habeas Corpus (Doc. 13).  The procedural history of this case

September 2000 and April 2006 Petitioner engaged in sexual behavior with five minors — his two daughters (A and B), two of his daughters' friends (K and T), and his daughters' former babysitter (J).  (Respondents' Ex. A at 2.)  Following a trial, the jury acquitted Petitioner of three counts of sexual molestation of K and three counts of sexual abuse of K.  (*Id*. at 4.)  The jury found Petitioner guilty of the remaining counts.  (*Id*.)  At the sentencing hearing, the court entered a judgment of acquittal as to an additional count of sexual abuse of K.  (*Id.*)  The trial court imposed a combination of concurrent and consecutive sentences totaling 132 years' imprisonment.  (*Id.*)

### A.    Direct Appeal

Petitioner filed a direct appeal asserting that there was insufficient evidence to support ten of his convictions.  (Respondents' Exs. A and B.)  He also argued that his sentences on the attempt charges against victim A in counts three, five, and six were not statutorily authorized by the Dangerous Crimes Against Children Act (DCAC), Arizona Revised Statute § 13-705, former Ariz. Rev. Stat. § 13-604.01, because the victim was under the age of twelve.  (Respondents' Ex. B at 20-23.)

The appellate court found that Petitioner's sufficiency of the evidence claims and his challenges to his sentences on counts three and five lacked merit.  (Respondents' Ex. A.)  The court granted relief on Petitioner's claim that his sentence on count six was improper because Ariz. Rev. Stat. § 13-705 only encompassed sexual conduct with a minor who is "twelve, thirteen or fourteen years of age." (Respondents' Ex. A at 17.)  The court remanded to the trial court for the State to establish the victim's age and for resentencing on count six "if necessary."  (*Id*. at 18.)  Petitioner did not seek review in the Arizona Supreme Court.  On April 15, 2009,

---

is derived from the Arizona Court of Appeal January 15, 2009 decision. (Respondents' Ex. A.) Petitioner does not challenge the appellate court's discussion of the procedural history of this case or its factual determinations.  The state court's factual determinations are "presumed to be correct" and Petitioner has not "rebut[ted] the presumption of correctness by clear and convincing evidence."  *See* 28 U.S.C. § 2254(e)(1).

1   the trial court resentenced Petitioner on count six to three-and-a-half years' imprisonment to run

2   consecutively to his sentences on counts one, two, and twenty-six, and to run concurrently with

3   his sentences on counts three, four, and five.  (Respondents' Ex. F.)

4         **B.**    **Post-Conviction Review**

5        While his direct appeal was pending, Petitioner filed a notice of  post-conviction relief

6   in the trial court pursuant to Arizona Rule of Criminal Procedure 32.  (Respondents' Exs. G, H.)

7   Petitioner was appointed counsel and moved to stay the filing deadline for the post-conviction

8   relief petition pending the resolution of the appeal.  (Respondents' Ex. H.)  The trial court

9   stayed the post-conviction proceeding pending completion of his direct appeal and resentencing.

10  (*Id*.)  After the stay was lifted, on May 10, 2010, post-conviction counsel filed a notice pursuant

11  to Rule 32.4(c) informing the court that she had reviewed the record and found no colorable

12  claim for relief.  (Respondents' Ex. I.)

13       On August 25, 2010, Petitioner filed a *pro se* petition for post-conviction relief raising

14  five grounds for relief.  (Respondents' Ex. J.)  Specifically, Petitioner argued that his sentences

15  were not authorized by the DCAC statute because he was a first time offender.  He also argued

16  that trial counsel was ineffective for dissuading him from testifying, failing to request a *Willits*[3]

17  instruction based on the inadvertent erasure of a recording of a victim interview, and for failing

18  to call certain character witnesses on his behalf.  (*Id.*)  He further argued that trial and appellate

19  counsel were ineffective for failing to challenge his sentences.  (*Id*.)

20       The trial court found that Petitioner's challenge to his sentences was precluded pursuant

21  to Rule 32.2(a), and because he had raised the issue of his sentences on direct appeal.

22  (Respondents' Ex. H at 2.)  The court further found that none of Petitioner's claims of

23  ineffective assistance of trial or appellate counsel presented a material issue of fact or law

24  warranting post-conviction relief.  (*Id*. at 1-2.)  Accordingly, the trial court denied post-

25  conviction relief.  (*Id.*)

26  

27      [3] *Arizona v. Willits*, 393 P.2d 274 (Ariz. 1964).

28                                        - 3 -

1    On March 2, 2011, Petitioner filed a petition for review in the Arizona Court of Appeals

2    arguing the claims he had presented to the trial court and arguing for the first time that trial

3    counsel was ineffective for failing to call an expert witness.  (Respondents' Ex. M at 21.)

4    On June 30, 2011, the appellate court denied relief, affirmed the trial court's rulings, and

5    found that the newly-raised claim of ineffective assistance of counsel was precluded pursuant

6    to Arizona Rule of Criminal Procedure 32.9(c). (Respondents' Ex. N at 5 n.3.)  Petitioner did

7    not seek review in the Arizona Supreme Court.  (Respondents' Ex. O.)

8    **C.    Federal Petition for Writ of Habeas Corpus**

9    On June 12, 2012, Petitioner filed the pending petition for writ of habeas corpus raising

10   the following grounds for relief: (1) there was insufficient evidence to support his convictions

11   on several counts; (2) trial counsel was ineffective for pressuring him not to testify at trial;

12   (3) trial counsel was ineffective for failing to call character witnesses; (4) trial counsel was

13   ineffective for failing to request a *Willits* instruction; (5) the trial court should have sentenced

14   Petitioner pursuant to Ariz. Rev. Stat. § 13-702(C) and § 13-702(A), rather than pursuant to

15   former § 13-604.01, because he had no prior felony convictions; and, (6) trial and appellate

16   counsel were ineffective for failing to challenge his sentences and appellate counsel was

17   ineffective for failing to raise Petitioner's claim regarding "wanting to testify at trial." (Doc. 1.)

18   As set forth below, Petitioner's claims are not cognizable on federal habeas corpus review, lack

19   merit, or are procedurally barred from federal habeas corpus review.

20   **II.    Federal Court Review of State Court Decisions**

21   This Court's review of Petitioner's claims is constrained by the applicable standard of

22   review set forth in 28 U.S.C. § 2254(d).  If a habeas corpus petition includes a claim that has

23   been "adjudicated on the merits in State court proceedings," 28 U.S.C. § 2254(d)(1), federal

24   habeas relief is not available unless petitioner shows that the state court's decision: (1) "was

25   contrary to" federal law as clearly established in the holdings of the United States Supreme

26   Court at the time of the state court decision, *Greene v. Fisher*, __ U.S.__, 132 S. Ct. 38, 43

27   (2011); or (2) that it "involved an unreasonable application of" such law, § 2254(d)(1); or

28

- 4 -

(3) that it "was based on an unreasonable determination of the facts" in light of the record before the state court.  28 U.S.C. § 2254(d)(2); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011).

To determine whether a state court ruling was "contrary to" or involved an "unreasonable application" of federal law, courts look exclusively to the holdings of the Supreme Court that existed at the time of the state court's decision.  *Greene*, 132 S. Ct. at 44.  A state court's decision is "contrary to" federal law if it applies a rule of law "that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent."  *Mitchell v. Esparza*, 540 U.S 12, 14 (2003) (citations omitted).  A state court decision is an "unreasonable application of" federal law if the court identifies the correct legal rule, but unreasonably applies that rule to the facts of a particular case.  *Brown v. Payton*, 544 U.S. 133, 141 (2005).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree on the correctness of the state court's decision.'"  *Richter*, 562 U.S.___, 131 S. Ct. at 786 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Court will apply this standard to review the merits Petitioner's claims that are properly presented for federal habeas review.

## III.    Exhaustion and Procedural Bar

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted available state remedies.  28 U.S.C. § 2254(b).  To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court[4] in a procedurally

---

[4]   In Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals either through the direct appeal process or post-conviction proceedings.  *Crowell v. Knowles*, 483 F. Supp. 2d 925, 931-33 (D. Ariz. 2007) (discussing *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must "fairly present" her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (same).

A claim has been "fairly presented" if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *Baldwin*, 541 U.S. at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id*. at 31-32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims. *See Coleman*, 501 at 731-32. Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1.

Second, a claim may be procedurally barred when a petitioner raises a claim in state court, but the state court finds the claim barred on state procedural grounds. *See Beard v. Kindler*, 558 U.S. 53, 130 S. Ct. 612, 614-19 (2009). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman,* 501 U.S. at 731-32. In this situation, federal habeas corpus review is precluded if the state court opinion relies on a procedural ground "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989).

A state procedural ruling is "independent" if the application of the bar does not depend on an antecedent ruling on the merits of the federal claim. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985). A state court's application of the procedural bar is "adequate" if it is "strictly or regularly followed."[5] *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). If the state court occasionally excuses non-compliance with a procedural rule, that does not render its procedural bar inadequate. *See Dugger v. Adams*, 489 U.S. 401, 410-12 n.6 (1989). "The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." *Coleman*, 501 U.S. at 732. Although a procedurally barred claim has been exhausted, as a matter of comity, the federal court will decline to consider the merits of that claim. *See id.* at 729-32.

However, because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *See Reed v. Ross*, 468 U.S. 1, 9 (1984). Generally, a federal court will not review the merits of a

---

[5] Arizona courts have consistently applied Arizona's procedural rules to bar further review of claims that were not raised on direct appeal or in prior Rule 32 post-conviction proceedings. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002) (holding that Rule 32.2(a) is an adequate and independent procedural bar); *Cook v. Schriro*, 538 F.3d 1000, 1026 (9th Cir. 2008) ("[p]reclusion of issues for failure to present them at an earlier proceeding under Ariz. R. Crim. P. 32.2(a)(3) 'are independent of federal law because they do not depend upon a federal constitutional ruling on the merits'"); *Ortiz v. Stewart*, 149 F.3d 923, 931-32 (9th Cir. 1998) (rejecting argument that Arizona courts have not "strictly or regularly" followed Rule 32).

1  procedurally defaulted claim unless a petitioner demonstrates "cause" for the failure to properly

2  exhaust the claim in state court and "prejudice" from the alleged constitutional violation, or

3  shows that a "fundamental miscarriage of justice" would result if the claim were not heard on

4  the merits. *Coleman*, 501 U.S. at 750.  Additionally, pursuant to 28 U.S.C. § 2254(b)(2), the

5  court may dismiss plainly meritless claims regardless of whether the claim was properly

6  exhausted in state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding that a stay is

7  inappropriate in federal court to allow claims to be raised in state court if they are subject to

8  dismissal under § 2254(b)(2) as "plainly meritless").

9  **IV.    Analysis of Petitioner's Claims**

10        **A.    Ground One — Sufficiency of the Evidence**

11        In Ground One, Petitioner asserts that there is insufficient evidence to support his

12  convictions on counts three, four, five, six, seven, nine, eleven, thirteen, and fifteen under

13  Arizona law. (Doc. 1 at 5 and 11.) Petitioner presented this state law claim to the Arizona Court

14  of Appeals on direct review and based his claim solely on state law grounds.  (Respondents'

15  Ex. B.)  In his pending habeas petition, he again bases his sufficiency of the evidence claim

16  solely on state law grounds.

17        A state prisoner can obtain federal habeas relief only if his conviction violates the

18  Constitution or the laws and treaties of the United States.  *Engle v. Isaac*, 456 U.S. 107, 119

19  (1982).  Federal habeas corpus relief is not available for alleged violations of state law or for

20  alleged error in the interpretation of state law.[6]  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

21  Petitioner's sufficiency of the evidence claim is based solely on the application of Arizona state

22  law, which is not subject to review by this Court.  *See* 28 U.S.C. § 2254; *Estelle*, 502 U.S. at 67-

23  _____

24        [6] Respondents argue that this state law claim in unexhausted and procedurally barred.
     Contrary to Respondents' assertion, Petitioner presented this state law claim to Arizona Court

25   of Appeals, and thus, exhausted available state remedies on this state law claim.  However,
     Petitioner's exhaustion of this state law claim is irrelevant because federal habeas corpus relief

26   is only available for federal claims.  28 U.S.C. § 2254.

27

28                                          - 8 -

68 (explaining that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").  Accordingly, Petitioner's request for habeas corpus relief based on the sufficiency of the evidence should be denied.

### B.        Grounds Two, Three, Four, and Six — Ineffective Assistance of Counsel

In Grounds Two, Three, Four, and Six Petitioner argues that trial counsel was ineffective for dissuading him from testifying at trial, failing to present character witnesses, failing to request a *Willits* instruction, and for failing to challenge his sentences. In Ground Six, Petitioner also argues that appellate counsel was ineffective for failing to challenge his sentences and for failing to challenge the denial of Petitioner's right to testify at trial.  The Court addresses these claims separately after setting forth the applicable standard of review.

### 1.        Standard of Review

The controlling Supreme Court precedent on claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a petitioner must show that counsel's performance was objectively deficient and that counsel's deficient performance prejudiced the petitioner.  *Id.* at 687.  To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance."  *Id.* at 690.  When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment.  *Id.*  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Id.* at 689.  Review of counsel's performance is "extremely limited." *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998).  Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel.  *Strickland*, 466 U.S. at 689.

To establish a Sixth Amendment violation, a petitioner must also establish that he suffered prejudice as a result of counsel's deficient performance.  *Id.* at 691-92.  To show prejudice, a petitioner must demonstrate a "reasonable probability that, but for counsel's

1    unprofessional errors, the result of the proceeding would have been different.  A reasonable

2    probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Hart*

3    *v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999); *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir.

4    1998).    The prejudice component "focuses on the question whether counsel's deficient

5    performance renders the result of the trial unreliable or the proceeding fundamentally unfair."

6    *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).  The court may proceed directly to the prejudice

7    prong.  *Jackson v. Calderon*, 211 F.3d 1148, 1155 n.3 (9th Cir. 2000) (citing *Strickland*, 466

8    U.S. at 697).  The court, however, may not assume prejudice solely from counsel's allegedly

9    deficient performance.  *Jackson*, 211 F.3d at 1155.

10           "'Surmounting *Strickland's* high bar is never . . . easy.'" *Richter*, 131 S. Ct. 770, 786

11   (quoting *Padilla v. Kentucky*, 559 U.S. 356 (2010)).  Establishing that a state court's application

12   of *Strickland* was unreasonable under § 2254(d) is even more difficult, because both standards

13   are "highly deferential," and because *Strickland's* general standard has a substantial range of

14   reasonable applications.   *Richter*, 131 S. Ct. at 788 (citations omitted).   The issue under §

15   2254(d) is not whether counsel's actions were reasonable, but "whether there is any reasonable

16   argument that counsel satisfied *Strickland's* deferential standard." *Id.*

17                        **2.    Ground Two**

18           In Ground Two, Petitioner argues that trial counsel was ineffective because she applied

19   overbearing pressure to prevent him from testifying at trial. (Doc. 1 at 6.) Petitioner argues that

20   considering the "nature of the allegations and lack of other contravening evidence, [his]

21   testimony was essential to defending the charges against him." (*Id.*)

22           Petitioner does not cite *Strickland* or the Sixth Amendment in support of this claim.  Thus,

23   Respondents argue that this claim is not properly before the Court because it is a "non-federal

24   claim." (Doc. 13 at 7 n.3.)  Federal habeas corpus relief is not available for state law claims and

25   the Court could deny relief based on Plaintiff's failure to invoke the Sixth Amendment or

26   *Strickland.  See Estelle*, 502 U.S. at 67-68.  Nonetheless, in an abundance of caution and because

27

28                                         - 10 -

1   Petitioner exhausted this same claim based on federal law on post-conviction review, the Court

2   will consider it on the merits.  (Respondents' Exs. J at 4, Ex. L, Ex. M at 3, 19.)

3          When Petitioner raised this claim on post-conviction review, the trial court found that it

4   was "not supported by the trial transcript," which showed that the court had reviewed with

5   Petitioner his right to testify and advised him that it was his decision whether to testify, not his

6   counsel's.  (Respondents' Ex. J at 4, Ex. H at 2, Ex. K.)  Thereafter, "Petitioner advised the court

7   that he did not wish to testify on his own behalf."  (*Id.*)  Accordingly, the court rejected this

8   claim of ineffective assistance of counsel.  (*Id.*)

9          The appellate court affirmed that decision.  (Respondents' Ex. N.)  The appellate court

10  found Petitioner's claim failed because, other than generalized accusations, he did not explain

11  how counsel prevented him from testifying.  (*Id.* at 4.)  The appellate court further noted that

12  other than asserting that he would have given "his version of the events" and "possible motives

13  behind his accusers' allegations," Petitioner had not provided any information about how he

14  would have testified at trial.  (*Id.*)  Accordingly, Petitioner had not established that but for

15  counsel's deficient performance — pressuring Petitioner not to testify — there was a reasonable

16  probability that the outcome of his trial would have been different.  (*Id.*); *see Strickland*, 466

17  U.S. at 687.

18         In the pending Petition, Petitioner does not challenge the post-conviction court's

19  conclusion that the trial transcript reflected that he had waived his right to testify after a colloquy

20  with the trial court.  (Doc. 1 at 7; Ex. K.)  Additionally, as on post-conviction review, Petitioner

21  has not provided any specific information regarding the substance of the testimony he would

22  have given at trial.  Petitioner's generalized assertion that his "testimony was essential to

23  defending the allegations against him" fails to show that he was prejudiced as a result of

24  counsel's allegedly deficient performance.  (Doc. 1 at 6); *see Strickland*, 466 U.S. at 687 (a court

25  cannot grant relief on an ineffective assistance of counsel claim unless petitioner establishes

26  prejudice); *United States v. Smith*, 924 F.2d 889, 896 (9th Cir. 1991) (conclusory allegations are

27  insufficient to show prejudice).

28

1    Petitioner has not shown that the post-conviction court's decision was contrary to clearly

2    established federal law, was based on an unreasonable application of clearly established federal

3    law, or was based on an unreasonable determination of the facts considering the evidence

4    presented in the state court proceeding. Therefore, Petitioner is not entitled to federal habeas

5    relief on his claim that counsel was ineffective for pressuring him not to testify.

6    ### 3.    Ground Three

7    In Ground Three, Petitioner argues that trial counsel was ineffective for failing to present

8    several unidentified character witnesses on Petitioner's behalf.[7]   (Doc. 1 at 7.) On post-

9    conviction review, the trial court found that Petitioner had failed to show that counsel's

10   performance fell below an objective standard of reasonableness. (Respondents' Ex. N at 5.) The

11   court also found that by failing to specify how the character witnesses would have testified,

12   Petitioner failed to show that, but for counsel's deficient performance, there is a reasonable

13   likelihood that the outcome of the trial would have been different.  (*Id.*)

14   Petitioner has not shown that the state court's resolution of this claim is contrary to, or

15   an unreasonable application of, *Strickland*.  "The power to decide questions of trial strategy and

16   tactics rests with counsel and the decision as to what witnesses to call is a tactical, strategic

17   decision." *Faretta v. California*, 422 U.S. 806 (1975).  "There are a number of reasons why an

18   attorney may choose not to call a witness, including a concern that . . . his participation in the

19   defense may harm the defendant more that his testimony . . . will aid him."  *State v. Goswick*,

20   691 P.2d 673, 677 (Ariz. 1984).  "[C]omplaints of uncalled witnesses are not favored in federal

21   habeas corpus review because allegations of what the witness would have testified are largely

22   speculative . . . .  In addition, for [petitioner] to demonstrate the requisite *Strickland* prejudice,

23

24   _____

25   [7]  As with Ground Two, Petitioner does not cite *Strickland* or the Sixth Amendment in
     support of this claim and Respondents argue that Ground Three is a "non-federal" claim that
26   is not properly before the Court.  (Doc. 13 at 7 n.3.) For the reasons set forth above in the
     discussion of Ground Two, in Section IV.B.2, the Court will consider the merits of this claim.
27   (Respondents' Ex. J at 4-6, 13; Ex. L at 2, Ex. M at 3, 19-21; Ex. N.)

28

[he] must show not only that [the] testimony would have been favorable, but also that the witness would have testified at trial." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (citations omitted); *see also United States v. Harden*, 846 F.2d 1229, 1231-32 (9th Cir. 1988) (rejecting claim of ineffective assistance based on counsel's failure to call a witness who would have taken responsibility for a gun found in defendant's possession because "[t]here is no evidence in the record which establishes that [the witness] would testify in [petitioner's] trial.").

Here, although Petitioner has provided some information regarding the testimony the character witnesses would have given at trial, he has not specifically identified any character witness or established that any of the unidentified character witnesses would have been available and willing to testify at trial.[8] Thus, Petitioner has not shown that the state court's rejection of his claim of ineffective assistance of counsel based on counsel's failure to call "character witnesses" was contrary to clearly established federal law, was based on an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts considering the evidence presented in the state court proceeding.  Petitioner is not entitled to federal habeas relief on this claim.

### 4.      Ground Four

In Ground Four, Petitioner argues that trial counsel was ineffective for failing to request a *Willits* instruction regarding a victim's tape recorded interview "which was overwritten and not preserved for disclosure." (Doc. 1 at 8.)  Respondents argue that this claim is not cognizable on federal habeas corpus review because, although a Sixth Amendment claim of ineffective

---

[8] Petitioner states that "witnesses" would have testified that J, his daughters' former babysitter, was manipulating the system to keep Petitioner in jail and that she and her children had never had any problems staying overnight with Petitioner. (Doc. 1 at 7.)  Petitioner states that "other witnesses" would have testified that they stayed overnight with Petitioner numerous times without incident, and that they never observed or heard of Petitioner acting inappropriately. (*Id.*)

1  assistance of counsel is a federal claim, this particular claim turns on a state law issue — whether

2  the trial court should have given a *Willits* instruction.[9]  (Doc. 13 at 7.)

3      Respondents do not cite any authority in support of the proposition that an otherwise

4  federal claim of ineffective assistance of counsel becomes a state law claim if counsel's alleged

5  deficient performance is based on a state law issue.  The Court has found no authority supporting

6  this proposition, which if accepted would preclude federal habeas corpus review of numerous

7  claims of ineffective assistance.  Instead, the court has found numerous cases in which counsel's

8  alleged ineffectiveness involved a matter of state law, including the failure to request a *Willits*

9  instruction.  *See e.g. Pinkoson v. Davenport*, 2009 WL 2219285, at *3 (D. Ariz. Jul. 24, 2009)

10  (because petitioner was not entitled to a *Willits* instruction*, any deficiency in counsel's

11  performance that resulted in the failure to give the instruction was not prejudicial); *Micklus v.

12  Schriro*, 2009 WL 4056790, at *8-9 (D. Ariz. Jul. 8, 2008) (discussing claim that counsel was

13  ineffective for failing to object to the admission of certain evidence, failing to object to the trial

14  court's denial of a *Willits* instruction, and failing to object to the prosecutor's improper closing

15  argument); *Luckett v. Schriro*, 2006 WL 1516004, at *8 (D. Ariz. May 24, 2006) (discussing the

16  merits of claims that trial counsel was ineffective for failing to object to the admission of

17  evidence, failing to request a *Willits* instruction, and for failing to investigate or raise an

18  identification defense).  Accordingly, the Court considers the merits of Petitioner's claim that

19  counsel was ineffective for failing to request a *Willits* instruction.

20      "A fair assessment of attorney performance requires that every effort be made to eliminate

21  the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged

22  conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466

23

24  _____

25     [9]  Respondents do not argue, as they did in opposition to the claims of ineffective
assistance asserted in Grounds Two and Three, that Ground Four is a not cognizable based on

26  Petitioner's failure to cite the Sixth Amendment or *Strickland*.  Because Petitioner exhausted
this same claim based on federal law on post-conviction review, the Court will consider the

27  merits of this claim.  (Respondents' Ex. J at 6, 13; Ex. L at 9, Ex. M at 3, 21; Ex. N.)

28

1   U.S. at 687.  "[S]trategic choices made after thorough investigation of law and facts relevant to
2   plausible options are virtually unchallengeable; and strategic choices made after less than
3   complete investigation are reasonable precisely to the extent that reasonable professional
4   judgments support the limitations on investigation."  *Id.* at 690–91.  Counsel's decisions
5   regarding jury instructions are fairly construed as a strategic decision.  *See Scott v. Elo*, 302 F.3d
6   598, 607 (6th Cir. 2002).

7          "A *Willits* instruction is appropriate when the state destroys or loses evidence potentially
8   helpful to the defendant."  *State v. Lopez*, 786 P.2d 959, 964 (Ariz. 1990); *State v. Willits*, 393
9   P.2d 274, 277-79 (Ariz. 1964).  Destruction or non-retention of evidence does not automatically
10  entitle a defendant to a *Willits* instruction. "[A] defendant must show (1) that the state failed to
11  preserve material and reasonably accessible evidence having a tendency to exonerate him, and
12  (2) that this failure resulted in prejudice."  *State v. Henry*, 863 P.2d 861, 875 (Ariz. 1993).

13         On post-conviction review, the state court found that Petitioner was not entitled to a
14  *Willits* instruction because other than "speculating that the jury might have been able to assess
15  the witness's credibility during the interview based on the recording, [Petitioner] failed to
16  explain how the recording would have been exculpatory."  (Respondents' Ex. N at 31.)
17  Accordingly, the court found that trial counsel had not been ineffective for failing to request a
18  *Willits* instruction or for not objecting to the trial court's failure to give a *Willits* instruction.
19  (Respondents' Ex. N at 5.)

20         In the pending Petition, Petitioner argues that he could not assert the exculpatory nature
21  of the destroyed evidence because he never had an opportunity to review the recorded interview
22  and a transcript does not "allow one to measure the veracity or behavioral cues." (Doc. 1 at 8.)
23  Although Petitioner or his counsel apparently had access to "notes" and "summaries" of the
24  recorded interview, he still does not describe how the recording would have been exculpatory
25  or how the State's failure to preserve the recording prejudiced him.  (Respondents' Ex. L at 10.)
26  Petitioner has not shown that the state court's rejection of this claim of ineffective assistance of
27  counsel was contrary to clearly established federal law, was based on an unreasonable
28

1  application of clearly established federal law, or was based on an unreasonable determination

2  of the facts considering the evidence presented in the state court proceeding, and thus Petitioner

3  is not entitled to federal habeas relief on this claim.

4             **5.    Ground Six**

5        In Ground Six, Petitioner argues that trial and appellate counsel were ineffective for

6  failing to challenge "the manner in which defendant was sentenced." (Doc. 1 at 12.)  Although

7  Petitioner does not specifically identify the aspect of his sentences to which counsel should have

8  objected, it appears that this claim is based on the trial court sentencing him under the Dangerous

9  Crimes Against Children Act.  Petitioner argues that he should have been sentenced under Ariz.

10  Rev. Stat. § 13-701 and § 13-702 as a first-time offender.  (Doc. 1 at 11.)  Petitioner also asserts

11  that appellate counsel was ineffective for failing to raise "defendant's claim relating to [his]

12  wanting to testify at trial."  (*Id.*)  As discussed below, Petitioner is not entitled to habeas corpus

13  relief on Ground Six.

14             **a.    Failure to Challenge Petitioner's Sentence**s

15        Respondents argue that Petitioner's claims of ineffective assistance of counsel based on

16  trial and appellate counsel's failure to challenge his sentences is not cognizable on federal habeas

17  corpus review because, although a Sixth Amendment claim of ineffective assistance of counsel

18  is a federal claim, this particular claim turns on a state law issue — whether the trial court

19  properly sentenced Petitioner under Arizona law.[10]  (Doc. 13 at 8.)  Again, Respondents do not

20  cite any authority for the proposition that a Sixth Amendment claim of ineffective assistance of

21  counsel becomes a state law claim when counsel's alleged deficient performance is based on a

22

23

24  _____

25        [10]  Respondents do not argue, as they did in opposition to the claims of ineffective
assistance asserted in Grounds Two and Three, that Ground Six is a not cognizable based on

26  Petitioner's failure to cite the Sixth Amendment or *Strickland*.  Because Petitioner exhausted
this same claim based on federal law on post-conviction review, the Court will consider the

27  merits of this claim.  (Respondents' Ex. J at 4-6, 13; Ex. L at 2, Ex. M at 3, 19-21; Ex. N.)

28

1  state law issue.  For the reason discussed in Section IV.B.4, *supra*, the Court rejects this

2  argument and considers the merits of Petitioner's Sixth Amendment claim.

3    On post-conviction review, Petitioner argued that because he had no prior felony

4  convictions, he should have been sentenced under Ariz. Rev. Stat. § 13-701(C) and § 13-702(A)

5  and because those statutes do not refer to § 13-604.01, it does not apply to his sentences.

6  (Respondents' Ex. J at 12, Ex. N at 5-6.)  Petitioner argued that trial and appellate counsel were

7  ineffective for failing to raise this argument.  (*Id*.)  The post-conviction court found that the trial

8  court properly sentenced Petitioner under the Arizona Dangerous Crimes Against Children Act,

9  and thus trial and appellate counsel were not ineffective for failing to challenge his sentences on

10 that basis.  (Respondents' Ex. H at 2, Ex. N at 5-6.)

11   In the pending habeas petition, Petitioner asserts that "trial and appellate counsel should

12 have briefed and argued the unconstitutionality of the manner in which defendant was

13 sentenced."  (Doc. 1 at 12.)  This conclusory assertion is not sufficient to show that the state

14 court's decision was contrary to clearly established federal law, was based on an unreasonable

15 application of clearly established federal law, or based on an unreasonable determination of the

16 facts considering the evidence presented in the state court proceeding.  Accordingly, Petitioner

17 is not entitled to federal habeas relief on his claim that he was deprived of the effective

18 assistance of trial and appellate counsel based on their failure to object to "the manner in which

19 [he] was sentenced." (*Id.*)

20      **b.**  **Failure to Challenge the Denial of Petitioner's Right to Testify**

21   In Ground Six, Petitioner also asserts that appellate counsel was ineffective for failing to

22 raise the issue of Petitioner "wanting to testify at trial." (Doc. 1 at 12.)  However, Petitioner did

23 not exhaust available state remedies with respect to this claim of ineffective assistance of

24 appellate counsel and, pursuant to the Arizona procedural rules, a return to state court to present

25 this claim would be futile   *See* Ariz. R. Crim. P. 32.1, 32.2(a) and (b); *Beaty v. Stewart*, 303

26 F.3d 975, 987 (9th Cir. 2002) (a state post-conviction action is futile when it is time-barred);

27 *State v. Mata*, 916 P.2d 1035, 1048-53 (Ariz. 1996); Ariz. R. Crim. P. 32.1(a)(3) (relief is

28

precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); Ariz. R. Crim. P. 32.4(a); Ariz. R. Crim. P. 32.9 (petition for review must be filed within thirty days of trial court's decision).   Accordingly, although this claim is technically exhausted, it is procedurally barred.[11]  *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir.1991).

Thus, unless Petitioner can show "cause and prejudice" or a "fundamental miscarriage of justice"to overcome the procedural bar, this claim of ineffective assistance of appellate counsel is precluded from federal habeas corpus review.  *See Coleman*, 501 U.S. at 749-50; *Teague v. Lane*, 489 U.S. 288, 297-98 (1989).  Petitioner does not argue that failure to consider the merits of this claim will result in a "fundamental miscarriage of justice."  (Doc. 17.)

Instead, to establish "cause" to overcome the procedural bar to this claims, Petitioner argues that he was denied the effective assistance of counsel on post-conviction review. (Doc. 17 at 2.)  Petitioner relies on the Supreme Court's decision in *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309, 1315 (2012), which held that ineffective assistance of post-conviction counsel can be sufficient "cause" to excuse defaulted claims of ineffective assistance of *trial* counsel when a post-conviction proceeding represents the first opportunity under state law for a convicted state defendant to litigate claims of ineffective assistance of trial counsel.  Here, Petitioner seeks to establish cause to excuse the default of a claim on ineffective assistance of appellate counsel.  *Martinez* does not apply to that situation.  *See id.* at 1319-20 (explaining that the holding in *Martinez* does "not extend to attorney errors in other kinds of proceedings beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial").

---

[11]  Moreover, even if this claim were properly before the Court, it would fail on the merits.  The post-conviction court found that Petitioner waived his right to testify after the trial court advised him that whether to testify was his decision, not counsel's.  (Respondents' Ex. N, Ex. K.)  Petitioner does not challenge that determination.  Additionally, as the post-conviction court found, Petitioner has not offered any information regarding the substance of the testimony he would have given at trial.  Thus, Petitioner cannot establish prejudice and even if Petitioner had raised this issue on appeal, it would have been rejected.  *See Bauman v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.").

Petitioner further argues "cause" based on his limited access to legal materials due to his status as an inmate.  (Doc. 17 at 2.)  Petitioner's status as an inmate and limited legal resources do not constitute cause to excuse the procedural bar.  *See Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (an illiterate *pro se* petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's arguments concerning his mental health and reliance upon jailhouse lawyers did not constitute cause).  Because Petitioner offers no legitimate "cause" that precluded him from properly exhausting his state remedies, the Court need not reach the prejudice issue. *See Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Smith v. Murray*, 477 U.S. 527, 533 (1986) (when petitioner fails to establish cause for his procedural default, the court need not consider whether he has shown actual prejudice resulting from the alleged violation).

## C.    Ground Five — Improper Sentence

In Ground Five, Petitioner asserts that the trial court imposed an improper sentence and that he should have been sentenced in accordance with Arizona Revised Statute § 13-701(C) and § 13-702(A).  (Doc. 1 at 11.)  Petitioner is not entitled to relief on this claim.

Although Petitioner raised this claim during post-conviction proceedings (Respondents' Ex. L at 10-14, Ex. M at 7-17), the court found review precluded pursuant to Arizona Rule of Criminal Procedure 32.2(a).  (Respondents' Ex. N at 5 n.4.); *see* Ariz. R. Crim. P. 32.2(a)(2) (stating that a defendant is "precluded from relief under [Rule 32] based upon any ground . . . [f]inally adjudicated on the merits on appeal or in any previous collateral proceeding").  Rule 32 is an adequate state procedural rule that is independent from the merits of the claim. Accordingly, this claim is procedurally barred from federal habeas corpus review. *See Coleman*, 501 U.S. at 537; *Wainwright*, 433 U.S. at 97 (federal court is barred from considering a claim that state court denied on an adequate state law ground independent of the merits of the federal claim).  The state court's alternative ruling on the merits of the sentencing claim does not vitiate the procedural bar.  *See Harris*, 489 U.S. at 264 n.10.

Moreover, even if Petitioner had properly exhausted this claim in state court, it is not cognizable on federal habeas corpus review because it alleges a violation of state law. A violation of state law is not grounds for habeas relief. *See Estelle*, 502 U.S. at 67–68 (it is not the province of a federal habeas court to reexamine state court determinations on state law questions; a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States). Petitioner is not entitled to habeas corpus relief on this state law claim. *See* 28 U.S.C. § 2254.

**V.   Conclusion**

Petitioner is not entitled to habeas corpus relief because his claims are either procedurally barred from federal habeas corpus review, not cognizable on federal habeas corpus review, or lack merit.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

DATED this 15th day of July, 2013.

Bridget S. Bade
United States Magistrate Judge