NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Dean Garcia,<br><br>            Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.<br><br>           Respondents. | No. CV-12-01310-PHX-SRB<br><br>**ORDER** |

      Petitioner Jeremy Dean Garcia filed his Petition for Writ of Habeas Corpus on June 12, 2012 raising six grounds for relief. Petitioner claims: 1) there was insufficient evidence to support his conviction on several counts; 2) trial counsel was ineffective because she pressured him not to testify at trial; 3) trial counsel was ineffective because she failed to call character witnesses on Petitioner's behalf; 4) trial counsel was ineffective because she failed to request a *Willits* instruction; 5) the trial court erred in sentencing defendant pursuant to A.R.S. § 13-604.01; and 6) trial and appellate counsel were both ineffective because they failed to challenge his sentences and appellate counsel was also ineffective by failing to raise Petitioner's claim regarding his desire to testify at trial. Respondents filed a limited answer asserting that Petitioner's claims were procedurally defaulted and barred from federal habeas corpus review or were not cognizable on federal habeas corpus review. Petitioner's reply argued that if there were a procedural fault there was cause to excuse it.

On July 16, 2013, the Magistrate Judge filed her Report and Recommendation recommending that the Petition be denied and further recommending that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied. Petitioner filed timely written objections on August 2, 1013.

### Ground I – Sufficiency of the Evidence

The Magistrate Judge concluded that Petitioner's request for federal habeas corpus review based on sufficiency of the evidence should be denied because Petitioner's sufficiency of the evidence claim was based only on state law grounds and federal habeas corpus relief is not available for alleged violations of state law or for alleged error in the interpretation of state law. Petitioner's objection to the Magistrate Judge's recommendation on Ground I is that it is his position that his conviction and detention were "based upon acts not legislatively delineated as to give notice of their prohibition is violative of due process under both federal and state analysis, must be subject to review by the federal courts." (Doc. 20, Pet'r's Objections to the Proposed Findings and Recommendations ("Pet'r's Objection") at 2).

Petitioner's objection will be overruled. Petitioner presented this state law claim on appeal and based his claim only on state law grounds. His habeas petition also based his sufficiency of the evidence claim only on state law grounds. For the first time in his objections Petitioner states his position that Arizona state law did not give him sufficient notice that the acts for which he was convicted were prohibited and his opinion that that is a federal due process violation. In addition to stating no authority for his opinion, the basis for the denial of habeas relief on Ground I, as noted by the Magistrate Judge, was that Petitioner presented this as a state law claim on appeal and in his habeas petition. Even if his opinion were supported by any authority, Petitioner cannot raise a federal claim for the first time in his objections.

### Ground II - Ineffective Assistance of Counsel

Petitioner raised this claim in state court on post-conviction review. The trial court found that his claim that his lawyer applied overbearing pressure to prevent him from

testifying at trial was not supported by the trial transcript. Instead, the trial transcript showed that the trial judge had reviewed with Petitioner his right to testify and advised Petitioner that it was Petitioner's decision whether to testify and not his counsel's. Petitioner advised the court that he did not wish to testify. On this basis the state court rejected this claim of ineffective assistance of counsel. The Magistrate Judge also noted that the appellate court in affirming the trial court found that Petitioner failed to explain how his counsel prevented him from testifying and Petitioner provided no information about how he would have testified at trial. The appellate court concluded that Petitioner had not established that but for counsel's deficient performance there was a reasonable probability that the outcome of his trial would have been different.

The Magistrate Judge observed that Petitioner did not challenge the state court's conclusion about the trial transcript reflecting that he waived his right to testify after a discussion with the trial judge. Petitioner also failed to provide any specific information in his Petition regarding the substance of the testimony he would have given at trial. The Magistrate Judge concluded that Petitioner failed to show that the state court's decision on post-conviction relief was contrary to clearly established law, based on an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts considering the evidence presented in the state court proceeding.

In his Objection to the recommendation for denial of relief on Ground II, Petitioner states only that his testimony was vital to his defense and without such testimony "to contravene the state's version of events was fatal to said defense thereby rendering his assistance of counsel ineffective." (*Id.* at 2). He argues that the Court should infer that his testimony at trial would have been that the accusations against him were fabricated. While this Court may conclude that generally Petitioner would have denied the allegations against him, Petitioner still fails to show that he was prejudiced as a result of counsel's allegedly deficient performance or fails to show that the findings of the state court were based on an unreasonable determination of the facts considering the

evidence presented. Petitioner's objection to the recommendations with respect to Ground II is overruled.

## Ground III – Ineffective Assistance of Counsel

The ineffective assistance of counsel claim in Ground III is that trial counsel was ineffective because she failed to present several unidentified character witnesses on Petitioner's behalf. This was noted on post-conviction review when the state court found that by failing to specify how the character witnesses would have testified Petitioner failed to show that but for counsel's alleged deficient performance there was a reasonable likelihood that the outcome of the trial would have been different.

The Magistrate Judge concluded that Petitioner had not shown that the state court's resolution of this claim was contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires that Petitioner show that counsel's performance was objectively deficient and that counsel's deficient performance prejudiced the Petitioner. In his Objections to the Magistrate Judge's recommendation for denial of relief on Ground III, Petitioner states that the character witnesses were to send sworn statements to the court under separate cover. He also states that Petitioner's understanding was that all these witnesses were willing and able to testify as to his good character. But Petitioner knew, based on the state court's resolution this claim, that there were no sworn statements sent to the court under separate cover in support of his claim of ineffective assistance of counsel.

This Court's review on a federal habeas petition requires Petitioner to show that the state court's rejection of his claim of ineffective assistance of counsel was contrary to clearly established federal law, was based on an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts considering the evidence presented in state court. Petitioner has not met that standard here. His objections to the Magistrate Judge's recommendation for denial of federal habeas relief on Ground III are overruled.

**Ground IV – Ineffective Assistance of Counsel**

On Ground IV the Magistrate Judge recommended the denial of federal habeas relief for the same reasons as in Grounds II and III.  The Magistrate Judge noted that when this claim was presented to the state court on post-conviction relief the state court found that Petitioner was not entitled to a *Willits* instruction and therefore, trial counsel had not been ineffective for failing to request one or for not objecting to the trial court's failure to give one.  The Magistrate Judge concluded that Petitioner has not shown that the state court's rejection of this claim of ineffective assistance of counsel was contrary to clearly established federal law, was based on an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts considering the evidence presented in state court.

In his objections, Petitioner states only the following, "As to ground four, the Willits instruction petitioner asserts that this ground is both cognizable and appropriate for relief under a federal analysis." (*Id.* at 3). Petitioner states nothing more with respect to his objection.  This is not a specific written objection that shows how the Magistrate Judge erred either in her interpretation of the facts upon which the habeas petition is based or the applicable law.  Petitioner's objection is overruled.

**Ground V- Improper Sentence**

Petitioner raised no objection to the recommendation for the denial of habeas relief as to Ground V.

**Ground VI- Ineffective Assistance of Counsel**

In Ground VI, Petitioner argued ineffective assistance of both trial and appellate counsel in failing to challenge Petitioner's sentence and his appellate counsel for failing to raise the claim relating to his being pressured not to testify. As noted by the Magistrate Judge, on post-conviction relief the state court reviewed the claim that Petitioner should have been sentenced under different Arizona statutes than the statute under which he was sentenced and found Petitioner's argument without merit.  The state court found that the trial court properly sentenced Petitioner, and therefore, trial and appellate counsel were

not ineffective for failing to challenge his sentence.

The habeas petition contained only a single sentence with respect to this claim. Petitioner said, "both trial and appellate counsel should have briefed and argued the unconstitutionality of the matter in which defendant was sentenced." (Doc. 1, Pet'r's Pet for Writ of Habeas Corpus at 12) The Magistrate Judge correctly concluded that this conclusory assertion is not sufficient to show that the state court's decision was contrary to clearly established federal law, was based on an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts considering the evidence presented in the state court.

The other claim of ineffective assistance of counsel in Ground VI is that appellate counsel failed to raise the claim about Petitioner being pressured not to testify. The Magistrate Judge found that Petitioner did not exhaust available state remedies with respect to this claim, that any return to state court on this claim would be futile, and therefore, the claim is barred from federal habeas review unless Petitioner could show cause and prejudice or a fundamental miscarriage of justice to overcome the procedural bar.  The Magistrate Judge concluded that Petitioner has failed to do this.

Petitioner's Objection to the Magistrate Judge Report and Recommendation on Ground VI is again only a single sentence. Petitioner says, "As to ground six, it is a federal claim that both trial and appellate counsel were ineffective and worthy of the court's review and relief." (Pet'r's Objection at 3)  This objection fails to show that the Magistrate Judge erred in her recommendation concerning the procedural bar of the claim of ineffective assistance of appellate counsel with respect to Petitioner wanting to testify and her recommendation on the merits of the ineffective assistance of trial and appellate counsel claim regarding his sentencing under Arizona law. Petitioner's Objection to the Report and Recommendation as to Ground VI is overruled.

IT IS ORDERD overruling Petitioner's Objections to the Report and Recommendation of the Magistrate Judge.

1    IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is denied.

IT IS FURTHER ORDERED that a Certificate of Appealability and leave to proceed in *forma pauperis* on appeal is denied because denial of the petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 29th day of August, 2013.

_____
Susan R. Bolton
United States District Judge